ATTILIO ALLARA, PLAINTIFF, v. GEORGE O. STEVENS, DEFENDANT.

Argued March 29, 1928—Decided April 28, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff, *Thomas G. Tuso.*

For the defendant, *Winfield S. Angleman.*

The opinion of the court was delivered by

PARKER, J. The central point about which the argument revolves is that the issue in this cause being in the Supreme Court, was tried in the Court of Common Pleas, and that that court had no jurisdiction to try it—first, because the cause of action was outside its jurisdiction, *i. e.,* if the action had been begun in the Pleas, that court would have been incompetent to try it; and secondly, that if it had jurisdiction to entertain the suit, the procedure taken to refer to it this Supreme Court issue was so defective that it acquired no power to try the particular issue.

The first point rests basically on the fact that the cause of action did not arise within the county. It arose out of a highway collision, and, of course, belongs to the class known

as transitory. The accident occurred in Union county; both parties to the suit then lived in that county. Suit was begun in this court, laying the venue in Union, the action came to trial, and plaintiff was nonsuited. Thereafter, as we are informed by defendant's brief, plaintiff moved his residence to Cumberland county and began a new action in this court, laying the venue in Cumberland. An application to change the venue was denied, and the cause came on for trial at Bridgeton. In conformity with present-day practice, the Supreme Court issues were referred to a Circuit Court judge for trial. He, in turn, undertook to "designate" the judge of the Cumberland Common Pleas "to hold the Circuit Court in and for said county of Cumberland for the purpose of trying and disposing of the above issue." This was by written rule of court. The trial was held before the Common Pleas judge, and judgment for plaintiff entered on a *postea* signed by him. Counsel for plaintiff asserts in his brief that this reference to the Common Pleas, or to the judge, was by consent of the parties; counsel for defendant alleges that it was over defendant's protest. The record as laid before us is silent on the point, and so we must perforce assume that no objection was made.

On this state of facts, defendant's claim, to use the language of the brief, is that the judgment is void, as the issue was a Supreme Court issue and was tried by the judge of the Common Pleas, which court was without jurisdiction to try the same "as the cause of action arose without said county when neither of the parties resided in said county, and the defendant has not since resided in said county."

In support of this rather startling proposition, we are referred to the case of *Collins* v. *Keller,* 58 *N. J. L.* 429, in which this court held the Pleas incompetent by reference to try an issue involving title to land which it could not try originally; to which we may add *Coles* v. *First Baptist Church,* 59 *Id.* 311, laying down a similar rule touching a mechanics' lien suit. In the first case Chief Justice Beasley pointed out the supposed origin in 1723 of the Court of Common Pleas, and quoted part of the ordinance of George II

and the privy council of that year (reprinted in 6 *N. J. L.* after *p.* 478). The point of the quotation in Collins *v.* Keller was the withholding of jurisdiction to try title to lands; but in the case at bar counsel invokes the clause "to try and determine all suits, controversies, quarrels and differences that may arise within the said counties between our loving subjects, for any sum above the value of 40 s.," as restricting jurisdiction to causes of action arising within the particular county, and perhaps to actions between citizens of that county.

Judge Field, in the volume entitled *"Provincial Courts of New Jersey,"* published by the New Jersey Historical Society in 1849, points out (at *p.* 49) that this, and several successive ordinances supplementing it, were based on Lord Cornbury's ordinance of 1703, reprinted as Appendix C of the same book, page 256. It is a matter of passing interest to compare the language therein relating to Courts of Common Pleas (foot of *p.* 258) with that of Governor Hunter's ordinance of 1714 (at *p.* 265), the ordinance of 1724 (at *p.* 272), 1725 (at *p.* 284), and 1728 (at *p.* 294). It must be admitted that the language of the Cornbury and Hunter ordinances is broader than that in the later ones; but in *Griffith's Law Register,* published in 1822, we find it stated with reference to Courts of Common Pleas, that while their territorial jurisdiction is restricted to the county, "it is not necessary, however, in these or the justices' courts, that the cause of action in transitory suits should arise within the jurisdiction. It is generally held that this court has unlimited original jurisdiction at common law, in all personal actions where the freehold does not come in dispute, with some restriction as to costs" (at *p.* 1168). Such, we think, has always been the understanding of the bar at large, but if there were any possible doubt on the subject, it is conclusively settled by the language of the "Act relating to the Court of Common Pleas (Revision of 1900)," which in section 4 provides: "The Court of Common Pleas shall be a court of record, with general jurisdiction over all suits and actions of a civil nature at law, irrespective of the amount in controversy, save only suits and actions wherein the title to real estate is in question." *Comp. Stat., p.* 1725, *pl.* 94. In view of this language, it is plain that the Pleas had

full jurisdiction of the subject-matter of a transitory cause of action, wherever it arose, and of the parties if they were properly before it.

The other branch of the argument is that the reference to the Common Pleas was irregular. Conceding this for the sake of argument, we still have a situation precisely within the ruling of *Venghis* v. *Commonwealth Casualty Co., 101 N. J. L.* 151, decided by the Court of Errors and Appeals. In that case, as in this, the issue was framed in this court, turned over to a Circuit judge at *nisi prius,* and referred by him to a Common Pleas judge for trial. The appellate court held that even though the defendant protested, such protest was waived by participating in the trial; and that as the case could have been brought in the Pleas, its jurisdiction was impregnable.

This we think disposes of the points made, on their merits. We do not wish to be understood as sanctioning, by silence, the making of such an application as this after a trial apparently without objection, a rule to show cause for a new trial discharged for want of prosecution, reinstated on terms, argued, and finally discharged on the merits over twenty-one reasons for a new trial. *6 N. J. Mis. R.* 143. A challenge to the right of the trial court to entertain the case at all would come more appropriately at an earlier stage of the litigation.

The application is denied, with costs.